## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| **DEBRA MILTON** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **ALLSTATE INSURANCE COMPANY,** | § | |
| **SERVICEMASTER RESTORATION** | § | |
| **BY ELIANA, SERVICE MASTER** | § | |
| **RESTORE, THE SERVICE MASTER** | § | |
| **COMPANY** | § | |
| | § | |
| **Defendants.** | § | |

### NOTICE OF REMOVAL OF CIVIL ACTION

PLEASE TAKE NOTICE that Defendant, Allstate Insurance Company ("Allstate"), pursuant to and arising under 42 U.S.C. § 4072, 44 C.F.R. Pt. 61, App. A(1), Article VII(R), and 28 U.S.C. §§ 1331, 1332, 1337, 1367, 1441(a), (b) & (c), 1446, and other applicable law, and through its undersigned counsel, hereby removes the state court action entitled *Debra Milton vs Allstate Insurance Company, ServiceMaster Restoration by Eliana, ServiceMaster Restore, The ServiceMaster Company*, filed in the District Court of Galveston County, Texas, 56th Judicial District. As required under 28 U.S.C. § 1446(a), a short and plain statement of the grounds for removal is set forth below:

### INTRODUCTION

1.      On August 21, 2019, the Plaintiff, Debra Milton commenced this action, bearing Case No. 19-CV-1515, by filing a Citation (Summons) and Original Petition in the District Court of Galveston County, Texas, 56th Judicial District. In accordance with 28 U.S.C. § 1446(a) and Local Rule 81, (1) a true and correct copy of all pleadings, processes, and orders (there were no

orders) served upon Allstate in the state court action, as well as the state court action docket sheet are attached hereto collectively as Exhibit 2, (2) an index of those documents is attached hereto Exhibit 1, and (3) a complete list of counsel of record is attached hereto as Exhibit 3.

2.      Plaintiff alleges that she owned a residence located at 3513 Cedar Drive, Dickinson, Texas 77539. *See* Original Petition, at ¶ 15 (Exh. "2"). Plaintiff further alleges that, on or about August 26, 2017, flood waters severely damaged her residence in conjunction with Hurricane Harvey, thereby causing damage to the structure and its contents. *See* Original Petition, at ¶ 17 (Exh. "2").  Plaintiff has also sued several ServiceMaster Companies, some of which may or may not have performed restoration services to her residence based on their status of franchiser or franchisee. *See* Original Petition, at ¶ 21 (Exh. "2"). Plaintiff is seeking compensatory damages of between $500,000 and $1,000,000 as well as punitive damages, attorneys' fees and pre-judgment and post-judgment interest. *See* Original Petition, at ¶¶ 43-47 (Exh. "2").

3.      Plaintiff's claims against the various ServiceMaster entities include allegations of breach of contract (¶ 29), breach of implied warranty of good and workmanlike performance of services (¶ 38) and a violation of the Deceptive Trade Practices Act (¶¶ 39-42).

4.      Plaintiff claims to have been issued a flood policy by Allstate through the National Flood Insurance Program (NFIP) See Original Petition, ¶ 16 (Exh. "2"). Plaintiff's claims against Allstate include a breach of contract, based on Plaintiff's belief that Allstate did not properly adjust her claim and has therefore allegedly failed to pay her the entire amount of her policy on the belief that her residence was "a total loss." Plaintiff also alleges that Allstate violated § 541 and § 542 of the Texas Insurance Code, alleging, that Allstate misrepresented material facts and policy provisions, failed to negotiate in good faith, failed to provide reasonable explanations for denial of

2

the claim and refused to pay the claim without performing a reasonable investigation. *See* Original Petition, ¶31 (Exh. "2"). Plaintiff also alleges that Allstate breached the common law duty of good faith and fair dealing (¶ 37), breached a duty of implied warranty of good and workmanlike performance of services, (¶ 38), and violated the Deceptive Trade Practices Act (¶¶ 39-42).

5.      Moreover, all cases involving claims for benefits under the NFIP "are to be litigated exclusively in federal court." *Barefield v. State Farm and Casualty Co.*, 296 F.Supp.2d 741 (S.D. Tex. 2003); *Palmieri v. Allstate Ins. Co.*, 445 F.3d 179, 186 (2d Cir. 2006).

6.      A civil action brought in a state court, of which the district courts of the United States have original jurisdiction within the meaning of 28 U.S.C. § 1441, may be removed to that District Court embracing the place where such action is pending. *See Moreno Energy Inc. v. Marathon Oil Co. et. al.*, 884 F.Supp.2d 577 (S.D. Tex. 2012).

7.      This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days after receipt by Allstate of a certified copy of the Original Petition, which was August 26, 2019, and within 30 days after service of Summons/Citation upon Allstate which was also August 26, 2019.

8.      Besides Allstate, the only defendants properly joined and served are ServiceMaster Restore and The ServiceMaster Company. Counsel representing both ServiceMaster Restore and The ServiceMaster Company has provided written consent to removal on behalf of those two entities. *See* email from D. Alfini, attached as Exhibit 4.  To date, the remaining defendant, ServiceMaster Restoration by Eliana, has not been served with process.  A review of the state court docket indicates that on September 6, 2019, the Citation (Summons) mailed to ServiceMaster Restoration by Eliana came back unexecuted. *See* state court docket sheet  and copy of unexecuted Citation attached as part of Exhibit 2.  Counsel for Allstate has also spoken

3

with an adjuster and newly assigned counsel for ServiceMaster Restoration by Eliana, who confirmed no service has occurred on that entity. Since ServiceMaster Restoration by Eliana has not been served with process, consent for removal from ServiceMaster Restoration by Eliana is not required. *See Warren v. Bank of America, N.A., et al.*, 2016 WL 4440494 (N.D. Tex. 2016) (only co-defendants who have been "properly joined and served" must join in or consent to the removal) citing *Humphries v. Elliott Co.*, 760 F.3d 414, 417 (5th Cir. 2014) (quoting 28 U.S.C. § 1446(b)(2)(A) (emphasis in original)).

9.    Defendants will promptly provide written notice of removal to the Plaintiff and shall file a copy of this Notice along with Notice of Removal to Federal Court with the Clerk of the District Court of Galveston County – 56th District Court, where this action currently is pending pursuant to 28 U.S.C. § 1446(d).

## GROUNDS FOR REMOVAL

### *A. Background*

10.    As grounds for removal, this Defendant would state that Allstate is a Write-Your-Own ("WYO") Program insurance carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] and appears herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States"[3] and at the expense of the U.S. Treasury.[4] As discussed herein, Plaintiff's lawsuit may only be addressed in this federal court regardless of the amount in controversy as Plaintiff has placed at

---

[1] *See* 42 U.S.C. §§ 4001 *et seq.*

[2] 44 C.F.R. § 62.23(f).

[3] 42 U.S.C. § 4071(a)(1); *see also, Palmieri v. Hartford Ins. Co.,* 445 F.3d 179, 186 (2d Cir. 2006).

[4] 42 U.S.C. §§ 4018 and 4081(a); 44 C.F.R. Pt. 62, App. A, Art. III(D)(2).

issue matters exclusively regulated by the Federal Emergency Management Agency ("FEMA") under authority of the Congress pursuant to 42 U.S.C. §§ 4013(a), 4018(a) & (b) and 4019.

11.    The subject-matter place at issue concerns Standard Flood Insurance Policy Number 1804858734 ("Policy") that Allstate issued in its own name, as a fiscal agent of the United States, to Plaintiff. *See* Original Petition, at ¶ 16 (Exh. "A"). Pursuant to 44 C.F.R. Section 62.23(d) and (i)(6), Allstate would be responsible for arranging the adjustment, settlement, payment and defense of all claims arising under the Policy.

12.    Breach-of-contract and related actions against WYOs arise under the NFIA, federal regulations, common law, and the flood insurance Policy that Allstate procures for and issues to an insured in its capacity as a WYO carrier under the Act. The Policy covers certain losses to an insured's property and contents located in the judicial district where the case is filed or removed to.

### B. Federal Government's Rules and the WYO Program

13.    The SFIP at issue is a codified, federal regulation found in 44 C.F.R. Pt. 61, App. A(1). The NFIP is administered by FEMA and is supported by the federal treasury, which pays for claims that exceed the revenues collected by private insurers from flood insurance premiums. *See Palmieri*, 445 F.3d at 183 (citing *Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161, 165 n.2 (3d Cir. 1998)). Although private insurers issue the policies, FEMA underwrites the risk. *See Palmieri*, 445 F.3d at 184 (citing *C.E.R. 1988, Inc. v. Aetna Cas. & Sur. Co.,* 386 F.3d 263, 267 (3d Cir. 2004)). Given that Allstate issued an SFIP to the Plaintiff, it is clear that the Citation/Summons and Original Petition relates to the SFIP and to Allstate's role as a WYO Program carrier.

14.     Plaintiff has asserted a claim for flood insurance benefits based upon the SFIP issued by Allstate. Per 42 U.S.C. § 4019, Congress delegated to FEMA alone the authority to set the rules that govern NFIP claims disputes.

15.     Congress underwrites all operations of the NFIP through the U.S. Treasury. This includes appropriations for both the adjustment of claims and the payment of those claims. Similarly, Congress has conferred rule-making power upon the agency created for carrying out its policy, specifically FEMA. *See Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384 (1947).

16.     Allstate, as a WYO Program carrier, is authorized to issue SFIPs on behalf of the federal government pursuant to a so-called "Arrangement" with FEMA. *See* 44 C.F.R. Pt. 62, App. A.

17.     Allstate cannot waive, alter or amend any of the provisions of the SFIP. *See* 44 C.F.R. § 61.13(d) and 44 C.F.R. Pt. 61, App. A(1), Art. VII(D).

18.     Allstate's role, as a WYO Program carrier and as set forth in the *Arrangement*, is to market, sell and administer SFIP policies as well as handle claims under SFIPs that it is authorized to issue on behalf of the federal government. To this end, FEMA issued a bulletin clarifying its long-standing position as to its program that *all* claims regarding the SFIP, from the initial sale forward, are governed by federal law alone. *See, e.g., Grigsby v. Fidelity Nat'l Property & Cas. Ins. Co.*, 2011 WL 4591930, at *2 (E.D. Tex. Aug. 31, 2011) (citing FEMA Bulletin W09038 and supportive case law). It is clear that Allstate, in its WYO capacity, is conducting all of these actions in its fiduciary capacity as the "fiscal agent" of the United States. *See* 44 C.F.R. § 62.23(f) and 42 U.S.C. § 4071(a)(1), respectively.

19.     The NFIP is administered by FEMA and supported by taxpayer funds, which pay for claims that exceed the premiums collected from the insured. *Jacobson v. Metropolitan Prop. &*

*Cas. Ins. Co.*, 672 F.3d 171, 174 (2d Cir. 2012). All flood claim payments are made out of a segregated account containing U.S. Treasury funds, as required by 44 C.F.R. Pt. 62, App. A, Arts. III(D)(1), (2) & (3); *see also Palmieri,* 445 F.3d at 184. The Third Circuit noted that "regardless [of] whether FEMA or a WYO company issues a flood insurance policy, the United States Treasury funds pay off the insured's claim." *Van Holt,* 163 F.3d at 165. The Eleventh Circuit analyzed what funds are at stake in the NFIP and noted that claim payments come out of FEMA's pocket regardless of how they are paid." *Newton v. Capital Assur. Co., Inc.,* 245 F.3d 1306, 1311 (11th Cir. 2001), *rehearing en banc denied,* 263 F.3d 172 (11th Cir. 2001). The payment that the Plaintiff seeks in this action would constitute a "direct charge on the public treasury," and would be "binding" upon the federal government. 44 C.F.R. § 62.23(i)(1); *Gowland v. Aetna,* 143 F.3d 951, 955 (5th Cir. 1998).

20.     Effective October 1, 2004, there was a revised "*Arrangement*" between FEMA and all WYO Program carriers. In that revised *Arrangement*, FEMA further clarified its regulations to make clear that disputes arising from claims handling, policy sales and administration are performed by the WYO Program carriers (a) in their fiduciary capacity to the government, (b) utilizing federal funds, and (c) governed by extensive federal regulations. *See* 44 C.F.R. Pt. 62, App. A, Art. I. Thus, any allegations as to the handling of the Plaintiff's flood insurance claim invoke Allstate's obligations under the Arrangement with FEMA.

21.     Moreover, FEMA stated its view that "any" such litigation states a federal question. *Id.* Each of these points is now clearly stated within the revised "Arrangement" and in the following two paragraphs:

> Whereas, FIA has promulgated regulations and guidance implementing the Act and the Write-Your-Own Program whereby participating private insurance companies act in a fiduciary capacity utilizing federal funds to sell and administer the Standard Flood Insurance Policies, and has extensively regulated the

participating companies' activities when selling or administering the Standard Flood Insurance Policies; and

Whereas any litigation resulting from, related to, or arising from the Company's compliance with the written standards, procedures, and guidance issued by FEMA or FIA arises under the Act, regulations, or FIA guidance, and legal issues thereunder raise a federal question; and . . .

44 C.F.R. Pt. 62, App. A, Article I, "Findings, Purpose, and Authority." The Summons and Original Petition institutes litigation against Allstate in its capacity as a WYO Program carrier because the Plaintiff takes issue with amounts paid to her, or not paid to her, under a NFIP policy.

### C. Federal Jurisdiction

#### 1.    Original Exclusive Jurisdiction

22.    The law of 42 U.S.C. § 4072 is clear. It confers "original exclusive" jurisdiction over claims under the NFIP. While sitting on the U.S. Second Circuit Court of Appeals, Justice Sotomayor conducted an in-depth analysis of 42 U.S.C. § 4072 as to claims against WYO Program carriers and held ". . . we join the Third and Sixth Circuits in holding that § 4072 gives rise to jurisdiction over claims against WYO companies." *See Palmieri*, 445 F.3d at 187. *See also, C.E.R. 1988, Inc.*, 386 F.3d at 267, n.4; *Van Holt*, 163 F.3d at 165; *Barefield v. State Farm Cas. Co.*, 296 F.Supp.2d 741 (S.D. Tex. 2003).

23.    Plaintiff should have been aware of the requirement of filing in federal court as SFIP Article VII(R) clearly states that all disputes under the policy must be filed in the United States District Court of the district in which the covered property was located at the time of the loss. Certainly, Allstate is not suggesting that jurisdiction could be created by contract, but instead it is pointing out that Plaintiff should have been fully aware of the requirement of filing

in federal court. Further, because the SFIP is a codified federal regulation, Plaintiff is charged with knowledge of this requirement. *See Federal Crop Ins. Corp.*, 332 U.S. at 384-85.

## 2. *Federal Question Jurisdiction*

24.     Allstate asserts that the SFIP is a codified federal regulation found in its entirety at 44 C.F.R. Pt. 61, App. A(1) and is governed exclusively by federal laws and the NFIA. As per the terms of the SFIP, this policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. §§ 4001, *et seq.*), and federal common law. *See* 44 C.F.R. Pt. 61, App. A(1), Article IX. Because the flood policy must be interpreted using federal common law, federal jurisdiction exists pursuant to and arising under 28 U.S.C. § 1331. The Third Circuit has found that 28 U.S.C. § 1331 applies to claims made under the flood policy. *Van Holt*, 163 F.3d at 167.

25.     In this matter, Plaintiff seeks flood benefits under the SFIP based on an alleged breach of contract, among other things, by Allstate.

26.     In order to determine what, if any, U.S. Treasury benefits Plaintiff may be entitled to receive in this lawsuit, this federal court will necessarily have to interpret the SFIP itself as well as the federal laws, regulations and statutes governing the SFIP. Federal common law governs the interpretation of the SFIP. *Jacobson v. Metropolitan Prop. & Cas. Ins. Co.*, 672 F.3d 171, 174 (2d Cir. 2012). As the SFIP is a federal law, necessarily the interpretation of the SFIP (and the federal laws governing the operation of the NFIP) to determine the coverage provided thereunder, and any amounts due under the SFIP would require the interpretation of a federal law which presents a federal question. Thus, there is federal question jurisdiction under 28 U.S.C. § 1331, and the case is therefore also removable pursuant to 28 U.S.C. § 1441(c).

27.     The payment that Plaintiff seeks from Allstate under the SFIP would be paid by FEMA and would be "binding" upon the federal government. 44 C.F.R. Pt. 62, App. A, Art. II(F); *Van Holt*, 163 F.3d at 166.

28.     Pursuant to 28 U.S.C. § 1331, and by operation of 28 U.S.C. § 1441(a) & (c), Allstate asserts that there are multiple federal questions presented within Plaintiff's suit which may only be addressed by this Honorable Court.

### *3.     U.S. Treasury Funds Are at Stake*

29.     Whether or not Plaintiff is owed flood benefits in this litigation, Allstate's role as a WYO Program carrier takes place as the fiscal agent of the United States. *See* 42 U.S.C. § 4071(a)(1) and 44 C.F.R. Pt. 62, App. A, Art. III. NFIP claims are funded by the U.S. Treasury. *See Palmieri*, 445 F.3d at 183; *see also*, *Evanoff v. Standard Fire Ins. Co.*, 534 F.3d 516, 519-20 (6th Cir. 2008); *Gallup v. Omaha Prop. & Cas. Ins. Co.*, 434 F.3d 341,342 (5th Cir. 2005); *Wright v. Hartford*, 415 F.3d 384, 386 (5th Cir. 2005); *Gowland*, 143 F.3d at 955. FEMA's regulations make clear that payments made by the WYO carriers "shall be binding upon the FIA." 44 C.F.R. § 62.23(i)(1). FEMA's "Arrangement" with the WYO Program companies (such as Allstate) also makes clear that federal funds are utilized to pay the claims directly, and not through a reimbursement mechanism. *See* 44 C.F.R. Pt. 62, App. A, Arts. II(E), III(D)(1), and IV(A); *see also Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, n.10 (9th Cir. 2000), *cert denied*, 531 U.S. 927 (2000).

30.     Regarding the instant litigation, FEMA's Arrangement with WYO Program carriers establishes that all of Allstate's defense costs will be paid by the Program if litigation arises. 44 C.F.R. Pt. 62, App. A, Art. III(C)(3) and Art. III(D)(2); *see also* 44 C.F.R. Pt. 62.23(i)(b) and (9); *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1312 (11th Cir. 2001).

### 4.      *Original Petition Brings Into Play an Act of Congress*

31.      Removal of this case is also proper under 28 U.S.C. § 1337, which provides that

the district court shall have original jurisdiction of any civil action or proceeding arising under

any act of Congress regulating interstate commerce. 28 U.S.C. § 1337 is not subject to the well-

pleaded-Petition rule. Under § 1337, removal is proper where the facts alleged in plaintiff's

Original Petition bring into play an Act of Congress that regulates commerce, regardless of

whether any reference to the said act appears in the Plaintiff's pleading. *Uncle Ben's

International Division of Uncle Ben's Inc. v. Hapag-Lloyd Aktiengesellschaft*, 855 F.2d 215, 216-

17 (5th Cir. 1988); *Crispin Co. v. Lykes Bros. Steamship Co.*, 134 F. Supp. 704, 706 (S.D. Tex.

1955); *Commonwealth of Puerto Rico v. Sea-Land Service Inc.*, 349 F. Supp. 964, 973-74 (D.P.R.

1970).

32.      Clearly, under 42 U.S.C. § 4001, *et seq*., Congress is regulating commerce by

promulgating the complex and comprehensive statutory scheme that is commonly described as

the National Flood Insurance Act. As recognized in *C.E.R. 1988, Inc. v. Aetna Cas. and Sur.

Co.*, 386 F.3d 263, n.3 (3d Cir. 2004):

> The insurance industry in the United States operates in interstate commerce.
> States may regulate the insurance industry only to the extent Congress permits.
> U.S. Const. art. I, § 8, cl. 3. The McCarren-Ferguson Act, 15 U.S.C. ' 1011, et
> seq., grants states this power except where Congress enacts legislation that
> specifically relates to the business of insurance. 15 U.S.C. § 1012 (b). In *Barnett
> Bank of Marion County v. Nelson*, 517 U.S. 25, 116 S.Ct 1103, 134 L.Ed.2d 237
> (1996), the Supreme Court held that the exception for acts relating to the business
> of insurance should be construed broadly, noting that " [t]he word 'relates' is
> highly general." *Id.* at 38, 116 S.Ct. 1103. Without doubt the NFIA is
> congressionally enacted legislation relating to the business of insurance.

33.      Beyond the general proposition that the NFIA regulates commerce, it is also clear

that in a more particularized sense, the Act expressly regulates both the subjects of claims and

claims handling, as well as the conditions of insurability. *See, e.g.*, 42 U.S.C. §§ 4013, 4019.

Simply put, federal laws affecting commerce are involved in the facts put at issue in the Plaintiff's suit, and so removal is proper pursuant to 28 U.S.C. § 1337.

## *5.     Supplemental Jurisdiction Over Any State Claims*

34.     To the extent that any of the claims of the Plaintiff are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. § 1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367; *see also Exxon Mobile Corp. v. Allapattah Services, Inc.*, 125 S.Ct. 2611, 2620 (2005).

35.     All of the claims put at issue in the Plaintiff's Original Petition arise from her efforts to obtain additional flood insurance benefits. As such, all of the Plaintiff's legal claims arise from the same nucleus of operative fact, that being the underlying flood loss claim, and all of the insurance issues arising therefrom. Traditionally, federal courts have exercised supplemental jurisdiction over all such claims in cases of this type. *See, e.g., Winkler v. State Farm Fire*, 266 F.Supp.2d 509, 513-14 (S.D. Miss. 2003); *Jamal v. Travelers Lloyds of Texas Ins. Co.*, 97 F.Supp.2d 800, 805 (S.D. Tx. 2000). Handling all claims arising in this dispute in one forum will serve the interest of judicial economy and fairness. *Winkler,* 266 F. Supp. 2d at 514.

## *D. Procedural Requirements for Removal Have Been Met*

36.     Pursuant to 28 U.S.C. § 1441(a), a civil action brought in a state court, over which the United States District Court has original jurisdiction, may be removed to that District Court embracing the place where such action is pending. Because the State Court Action was

12

pending in the District Court of Galveston County – 56th District Court, this Court has removal jurisdiction.

37.     Venue is proper in a designated judicial district pursuant to pursuant 28 U.S.C. § 1391, 42 U.S.C. § 4072, and 44 C.F.R. Pt. 61, App. A(1), Art. VII(R) because Plaintiff's residence is located in Galveston County. Therefore, U.S. District Court for the Southern District of Texas, Galveston Division is the proper venue.

38.     This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days after receipt by Allstate of a certified copy of the Original Petition, which was August 26, 2019, and within 30 days after service of Summons/Citation upon Allstate which was also August 26, 2019.

39.     Allstate has received consent for removal from defendants ServiceMaster Restore and The ServiceMaster Company who have been served with process. *See* Exh. "4". The remaining defendant ServiceMaster Restoration by Eliana has not been served with process as per a review of the state court docket and the September 6, 2019 entry showing the Citation (Summons) sent to that entity was returned unexecuted. *See* Exh. "2". Communication with newly assigned counsel for that entity has confirmed that there has been no service of process on that entity. Therefore, the consent of ServiceMaster Restoration by Eliana is not required. *See, Warren v. Bank of America, N.A., et al.*, 2016 WL 4440494 (N.D. Tex. 2016) (only co-defendants who have been "properly joined and served" must join in or consent to the removal) citing *Humphries v. Elliott Co.*, 760 F.3d 414, 417 (5th Cir. 2014) (quoting 28 U.S.C. § 1446(b)(2)(A) (emphasis in original)). *Heller v. New York City Health & Hosps. Corp.*, No. 09 Civ. 6193, 2010 WL 481336, at *2 (S.D.N.Y. Feb.1, 2010) ("Three exceptions to the rule of unanimity have, however, been recognized, permitting a removing defendant to forego securing the consent of any co-defendant

13

who: (1) *has not been served with service of process at the time the removal petition is filed*; (2) is merely [a] nominal or formal part [y]; or (3) is not subject to the removed claim[, which] is a separate and independent claim [from those asserted against the non-consenting defendant] as defined by 28 U.S.C. § 1441(c).") (emphasis added).

40.     Defendants will promptly provide written notice of removal to the Plaintiff and shall file a copy of this Notice along with Notice of Removal to Federal Court with the Clerk of the District Court of Galveston County – 56th District Court, where this action currently is pending pursuant to 28 U.S.C. § 1446(d).

41.     In the event any questions arise as to the propriety of the removal of this action, the Defendant requests the opportunity to brief any disputed issues and to present oral argument in support of its position.

**WHEREFORE**, this Defendant gives notice that the matter bearing Case number 19-CV-1515 in the District Court of Galveston County – 56th District Court, is removed to the United States District Court for the Southern District of Texas, Galveston Division.

Dated: September 20, 2019.

Respectfully Submitted,

By: */s/ Christopher Cowan*
      Christopher Cowan
      State Bar No. 24084975
      SD. Tex. No. 2303239
      Butler Snow LLP
      515 Congress Avenue, Suite 1900
      Austin, TX 78746
      (737) 802-1800
      Direct Dial: (737) 802-1806
      Fax No. (737 802-1801
      Email: chris.cowan@butlersnow.com

      *Attorney in Charge for Allstate Insurance*
      *Company*

14

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2019, I mailed via certified U.S. Mail and by electronic mail the foregoing Notice of Removal to counsel for the Plaintiffs:

Dennis J. Albright
Kathryn A. Lumpkin
ALBRIGHT & LUMPKIN, P.C.
18333 Egret Bay Blvd., Suite 680
Houston, Texas 77058
Tel: 832-668-5033
Fax: 832-659-0314
Email: dennis@dennisalbright.com
        Kathryn@dennisalbright.com

*Attorneys for Plaintiffs*

By: */s/ Christopher Cowan*