# EXHIBIT "2"

9/18/2019                      publicaccess.co.galveston.tx.us/CaseDetail.aspx?CaseID=1478069

## CASE SUMMARY
### CASE NO. 19-CV-1515

Debra Milton vs. Allstate Insurance Company Et Al

§
§
§
§
§
§

Case Type: **Contract - Debt -**
**Commercial/Consumer**
Date Filed: **08/21/2019**
Location: **56th District Court**
Judicial Officer: **Cox, Lonnie**

---

| PARTY INFORMATION |
| --- |

**Lead Attorneys**

**Defendant**   **Allstate Insurance Company**
By Serving Its Registered Agent for process
C T Corporation System
1999 Bryan St., Suite 900
Dallas, TX 75201

**Defendant**   **ServiceMaster Restoration by Eliana**
By Serving Its Chief Executive, President, any
Vice President
2231 Sturgis Rd #100
Oxnard, CA 93030

**Defendant**   **ServiceMaster Restore**
By Serving Its Chief Executive, President, any
Vice President
One Service Master Center
150 Peabody Place
Memphis, TN 38103

**Defendant**   **The ServiceMaster Company**
By Serving Its Chief Executive, President, any
Vice President
One Service Master Center
150 Peabody Place
Memphis, TN 38103

**Plaintiff**   **Milton, Debra**

**Dennis J Albright**
*Retained*
832-668-5033(W)
832-659-0314(F)
dennis@dennisalbright.com

---

| EVENTS & ORDERS OF THE COURT |
| --- |

**OTHER EVENTS AND HEARINGS**

08/21/2019 | **Original Petition - OCA**
| *Plaintiff's Original Petition, Requests for Disclosure and for Jury Trial*
08/21/2019 | **OCA Case Information Sheet**
| *Civil Information Sheet*
08/21/2019 | **Request for Civil Service**
| *4 certified mail citations to be issued. Assigned to Robin*
08/21/2019 | **Status Conference Sheet**
| *Emailed to Attorney*
08/21/2019 | **Receipt Acknowledge**
| *s/c notice*
08/22/2019 | **Citation by Certified Mail Issuance - Work Product**
| *Issued 1 citation @ $8.00 along with S/C sheet Mailed by C/M mail/RG*
08/22/2019 | **Citation by Certified Mail Issuance - Work Product**
| *Issued 1 citation @ $8.00 along with S/C sheet Mailed by C/M mail/RG*
08/22/2019 | **Citation by Certified Mail Issuance - Work Product**
| *Issued 1 citation @ $8.00 along with S/C sheet Mailed by C/M mail/RG*
08/22/2019 | **Citation by Certified Mail Issuance - Work Product**
| *Issued 1 citation @ $8.00 along with S/C sheet Mailed by C/M mail/RG*
08/27/2019 | **Notice - From Court of Setting Date** (Judicial Officer: Cox, Lonnie )
| *11/14/19 at 9:30 AM Status Conference*
08/29/2019 | **Citation by Certified Mail and Return**
08/29/2019 | **Citation by Certified Mail and Return**
09/03/2019 | **Citation by Certified Mail and Return**
09/06/2019 | **Citation Returned Unexecuted**
| *Returned by US Postal Service / Marked Return to Sender/ No Such Street /Unable to Forward*
11/14/2019 | **Status Conference** (9:30 AM) (Judicial Officer Cox, Lonnie)

**Unofficial Record**

19 – CV – 1515
DCCICMR
**Citation by Certified Mail and Return**
1892211

**CITATION BY CERTIFIED MAIL (TRC 106)**

**THE STATE OF TEXAS**

Cause No: 19-CV-1515

56th District Court of Galveston County

DEBRA MILTON VS. ALLSTATE INSURANCE COMPANY ET AL

**JOHN D. KINARD**
**CLERK DISTRICT COURT**
**FILED**

**TO: ServiceMaster Restore**
    By Serving Its Chief Executive Office, President, any Vice President, or any other officer authorized to accept service of process
    One Service Master Center
    150 Peabody Place
    Memphis, TN 38103

**AUG 2 9 2019**
11:11 AM
**GALVESTON COUNTY, TEXAS**
BY_____
**DEPUTY**

**Defendant Greetings:**

NOTICE TO DEFENDANT: **"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 day after the date you were served this citation and petition, a default judgment may be taken against you."** TRCP. 99

You are hereby commanded to appear by filing a written answer to the Plaintiff's Petition at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the **56th District Court** of Galveston County, at the Courthouse in said County in Galveston, Texas. Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. Said Plaintiff's **Original Petition - OCA** was filed in said court on the **21st day of August, 2019** in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of the petition accompany this citation and made a part hereof.

Issued and given under my hand and the seal of the Said Court at Galveston, Texas, on the **22nd day of August, 2019.**

Issued at the request of
Dennis J Albright
Albright & Lumpkin PC
18333 Egret Bay Blvd Suite 680
Houston TX 77058

**John D. Kinard,** District Clerk
Galveston County, Texas

By: *Robin Gerhardt*

Robin Gerhardt, Deputy

**SEE ATTACHED FORM**   *NOTE: Status Conference set: 11/14/2019*

**CERTIFICATE OF DELIVERY BY CERTIFIED MAIL**

Came to hand on the **8/22/2019** at _____ **3:00** o'clock P. M. and executed on the _76th_ day of _August_, 20 _19_, at

_____ o'clock ___. M., by mailing the same to ServiceMaster Restore, Defendant by **registered, certified mail with delivery Restricted to addressee only, return receipt requested,** a true copy of this citation with a copy of the petition were attached thereto.   **JOHN D. KINARD, District Clerk Galveston County, Texas**

**Authorized Person**

BY: *Robin Gerhardt* , Deputy Clerk

| Service Fee: $ | | |
|---|---|---|
| **Certified Tracking Mail**<br><br>**No. 9414 7266 9904 2147 7996 20** | **Place sticker here** | **Certified Article Number**<br><br>9414 7266 9904 2147 7996 20<br><br>**SENDER'S RECORD** |
| **Signed for on** 8/26/2019 | **Signed By:** MiKe Rogers | |

Return Receipt (Form 3811) Barcode

9590 9266 9904 2147 7996 23

1. Article Addressed to:
ServiceMaster Restore
By Serving Its Chief Executive Office, President
any Vice President, or any other officer authorized
to accept service of process
One Service Master Center, 150 Peabody Place
Memphis, TN 38103

2. Certified Mail (Form 3800) Article Number

9414 7266 9904 2147 7996 20

PS Form 3811, Facsimile, July 2015

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Mike Rogell    8-26-19

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type:
☒ Certified Mail
☒ Certified Mail Restricted Delivery

Reference Information
Cause No: 19-CV-1515

Robin Gerhardt

Domestic Return Receipt

Thank you for using Return Receipt

---

USPS TRACKING #

9590 9266 9904 2147 7996 23

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**

● Sender: Please print your name, address and ZIP+4® below ●

**JOHN D KINARD
GALVESTON COUNTY DISTRICT CLERK
600 59TH STREET SUITE 4001
PO BOX 17250
GALVESTON TX 77551-9900**

582-728050

19 – CV – 1515
OCCICMR
Citation by Certified Mail and Return
1892212

**CITATION BY CERTIFIED MAIL (TRC 106)**

**THE STATE OF TEXAS**

Cause No: 19-CV-1515

56th District Court of Galveston County

DEBRA MILTON VS. ALLSTATE INSURANCE COMPANY ET AL

**JOHN D. KINARD**
**CLERK DISTRICT COURT**
**FILED**

**TO: The ServiceMaster Company, LLC**
By Serving Its Chief Executive Office, President, any Vice President, or any other officer authorized to accept process AUG 2 8 2019
One Service Master Center
150 Peabody Place
Memphis, TN 38103

11:11 AM
**GALVESTON COUNTY, TEXAS**
BY_____ DEPUTY

**Defendant Greetings:**

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 day after the date you were served this citation and petition, a default judgment may be taken against you." *TRCP. 99*

You are hereby commanded to appear by filing a written answer to the Plaintiff's Petition at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the **56th District Court** of Galveston County, at the Courthouse in said County in Galveston, Texas. Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. Said Plaintiff's **Original Petition - OCA** was filed in said court on the **21st day of August, 2019** in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of the petition accompany this citation and made a part hereof.

Issued and given under my hand and the seal of the Said Court at Galveston, Texas, on the **22nd day of August, 2019.**

Issued at the request of
Dennis J Albright
Albright & Lumpkin PC
18333 Egret Bay Blvd Suite 680
Houston TX 77058

John D. Kinard, District Clerk
Galveston County, Texas

By: *Robin Gerhardt,*

Robin Gerhardt, Deputy

**SEE ATTACHED FORM   *NOTE: Status Conference set: 11/14/2019***

**CERTIFICATE OF DELIVERY BY CERTIFIED MAIL**

Came to hand on the **8/22/2019** at _____ **3:00** o'clock P. M. and executed on the **26th** day of **August**, 20 **19**, at

_____ o'clock ____. M., by mailing the same to The ServiceMaster Company, Defendant by **registered, certified mail with delivery Restricted to addressee only, return receipt requested,** a true copy of this citation with a copy of the petition were attached thereto.                                             JOHN D. KINARD, District Clerk Galveston County, Texas

Authorized Person

BY: *Robin Gerhardt* , Deputy Clerk

| Service Fee: $ | |
|---|---|
| **Certified Tracking Mail**<br><br>No. 9414 7266 9904 2147 7996 37 | Place sticker here<br><br>Certified Article Number<br>9414 7266 9904 2147 7996 37<br><br>SENDER'S RECORD |
| **Signed for on** 8|26|2019 | **Signed By:** Mike Rogers |

| Return Receipt (Form 3811) Barcode | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Mike Rogue_ ☐ Agent ☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery
_Mike Rogue_ | 6-26-19

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

9590 9266 9904 2147 7996 30

1. Article Addressed to:
ServiceMaster Restoration by Eliana
By Serving Its Chief Executive Office, President
any Vice President, or any other officer authorized
to accept service of process
One Service Master Center, 150 Peabody Place
Memphis, TN 38103

3. Service Type:
☒ Certified Mail
☒ Certified Mail Restricted Delivery
Reference Information
Cause No: 19-CV-1515

Robin Gerhardt

2. Certified Mail (Form 3800) Article Number

9414 7266 9904 2147 7996 37

PS Form 3811, Facsimile, July 2015

Domestic Return Receipt

---

USPS TRACKING #

9590 9266 9904 2147 7996 30

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service®**

● Sender: Please print your name, address and ZIP+4® below ●

**JOHN D KINARD
GALVESTON COUNTY DISTRICT CLERK
600 59TH STREET SUITE 4001
PO BOX 17250
GALVESTON TX 77551-9900**

19 – CV – 1515
DCCICMR
Citation by Certified Mail and Return
1893539

2

**CITATION BY CERTIFIED MAIL (TRC 106)**

**THE STATE OF TEXAS**

Cause No: 19-CV-1515
56th District Court of Galveston County

DEBRA MILTON VS. ALLSTATE INSURANCE COMPANY ET AL

**JOHN D. KINARD**
**CLERK DISTRICT COURT**
**FILED**

**TO: Allstate Insurance Company**
By Serving Its Registered Agent C T Corporation System
1999 Bryan St., Suite 900
Dallas, Texas 75201

SEP – 3 2019
3:54 PM
GALVESTON COUNTY, TEXAS
BY_____ DEPUTY

Defendant Greetings:

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer
with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 day after the date you
were served this citation and petition, a default judgment may be taken against you."  *TRCP. 99*

You are hereby commanded to appear by filing a written answer to the Plaintiff's Petition at or before 10:00 o'clock A.M. on the
Monday next after the expiration of 20 days after the date of service of this citation before the **56th District Court** of Galveston
County, at the Courthouse in said County in Galveston, Texas. Said written answer may be filed by mailing same to: District Clerk's
Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. Said Plaintiff's **Original Petition - OCA** was filed in said court on the
**21st day of August, 2019** in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of the petition accompany this citation and made a part
hereof

Issued and given under my hand and the seal of the Said Court at Galveston, Texas, on the **22nd day of August, 2019.**

Issued at the request of
Dennis J Albright
Albright & Lumpkin PC
18333 Egret Bay Blvd Suite 680
Houston TX 77058

John D. Kinard, District Clerk
Galveston County, Texas

By:

Robin Gerhardt, Deputy

**SEE ATTACHED FORM**   *NOTE: Status Conference set: 11/14/2019*

**CERTIFICATE OF DELIVERY BY CERTIFIED MAIL**

Came to hand on the **8/22/2019** at ___ **3:00** o'clock P. M. and executed on the _26th_ day of _August_, 20 _19_, at

_____ o'clock ___. M., by mailing the same to Allstate Insurance Company, Defendant by **registered, certified mail with delivery
Restricted to addressee only, return receipt requested,** a true copy of this citation with a copy of the petition were attached
thereto.            **JOHN D. KINARD, District Clerk Galveston County, Texas**

Authorized Person

BY:     Robin Gerhardt                           , Deputy Clerk

| Service Fee: $ | |
|---|---|
| **Certified Tracking Mail**<br><br>No. **9414 7266 9904 2147 7996 06** | Place sticker here<br><br>**Certified Article Number**<br>9414 7266 9904 2147 7996 06<br><br>**SENDER'S RECORD** |
| Signed for on  8/26/2019 | Signed By: Antoinette Williams |



Return Receipt (Form 3811) Barcode

9590 9266 9904 2147 7996 09

1. Article Addressed to:
Allstate Insurance Company
By Serving Its Registered Agent
C T Corporation System
1999 Bryan St., Suite 900
Dallas, TX 75201

2. Certified Mail (Form 3800) Article Number

9414 7266 9904 2147 7996 06

PS Form 3811, Facsimile, July 2015

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____  ☐ Agent  ☐ Addressee
B. Received by (Printed Name)  Antoinette Williams  C. Date of Delivery
D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type:
☒ Certified Mail
☒ Certified Mail Restricted Delivery

Reference Information
Cause No: 19-CV-1515
Robin Gerhardt

Domestic Return Receipt

USPS TRACKING #

9590 9266 9904 2147 7996 09

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service®

• Sender: Please print your name, address and ZIP+4® below •

JOHN D KINARD
GALVESTON COUNTY DISTRICT CLERK
600 59TH STREET SUITE 4001
PO BOX 17250
GALVESTON TX 77551-9900

19 – CV – 1515
DCCIRU
Citation Returned Unexecuted
1897600

3

### CITATION BY CERTIFIED MAIL (TRC 106)

### THE STATE OF TEXAS

Cause No: 19-CV-1515

56th District Court of Galveston County

DEBRA MILTON VS. ALLSTATE INSURANCE COMPANY ET AL

JOHN D. KINARD
CLERK DISTRICT COURT
FILED

TO: ServiceMaster Restoration by Eliana
By Serving Its Chief Executive Office, President, any Vice President, or any other officer authorized to accept service of process
2231 Sturgis Rd. No. 100
Oxnard, CA 93030

SEP _ 6 2019
3 : 07 P M
GALVESTON COUNTY, TEXAS
BY_____ DEPUTY

Defendant Greetings:

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 day after the date you were served this citation and petition, a default judgment may be taken against you."  TRCP. 99**

You are hereby commanded to appear by filing a written answer to the Plaintiff's Petition at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the **56th District Court** of Galveston County, at the Courthouse in said County in Galveston, Texas. Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. Said Plaintiff's **Original Petition - OCA** was filed in said court on the **21st day of August, 2019** in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of the petition accompany this citation and made a part hereof.

Issued and given under my hand and the seal of the Said Court at Galveston, Texas, on the **22nd day of August, 2019.**

Issued at the request of
Dennis J Albright
Albright & Lumpkin PC
18333 Egret Bay Blvd Suite 680
Houston TX 77058

John D. Kinard, District Clerk
Galveston County, Texas

By: *Robin Gerhardt,*

Robin Gerhardt, Deputy

**SEE ATTACHED FORM    NOTE: Status Conference set: 11/14/2019**

### CERTIFICATE OF DELIVERY BY CERTIFIED MAIL

Came to hand on the **8/22/2019** at ___ **3:00** o'clock P. M. and executed on the _____ day of _____, 20____, at

_____ o'clock ___. M., by mailing the same to ServiceMaster Restoration by Eliana, Defendant by registered, certified mail with delivery

Restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition were attached thereto.

**JOHN D. KINARD, District Clerk Galveston County, Texas**

Returned by US Postal Service
Return to Sender
Unable to Forward/No Such number

BY: *Robin Gerhardt*

_____ Authorized Person

_____, Deputy Clerk

| Service Fee: $ | |
|---|---|
| **Certified Tracking Mail**<br><br>No. 9414 7266 9904 2147 7996 51 | Place sticker here<br><br>**Certified Article Number**<br>9414 7266 9904 2147 7996 51<br>**SENDER'S RECORD** |
| Signed for on | Signed By: |

**CERTIFIED MAIL**

John D. Kinard, District Clerk
600 59th Street, Suite 4001
P.O. Box 17250
Galveston, TX 77551-2388

19-CV-1515



9414 7266 9904 2147 7996 51
RETURN RECEIPT REQUESTED



UNITED STATES POSTAGE
PITNEY BOWES
02 1P          $ 013.05⁰
0000895302    AUG 22 2019
MAILED FROM ZIP CODE 77551

RESTRICTED DELIVERY

EXHIBIT C

ᵾSP

ServiceMaster Restoration by Eliana
By Serving Its Chief Executive Office, President
any Vice President, or any other officer authorized
to accept service of process
2231 Sturgis Rd. No. 100
Oxnard, CA 93030

A, B, C, D, E, F, or G

2019 SEP -6  PM 3: 07

FILED

-R-T-S-   930305205-1N        08/30/19

RETURN TO SENDER
NO SUCH NUMBER
UNABLE TO FORWARD
RETURN TO SENDER

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**EXHIBIT C**

Thank you for using Return Receipt Service

C    FOLD AND TEAR THIS WAY →

RETURN RECEIPT REQUESTED
USPS' MAIL CARRIER
DETACH ALONG PERFORATION

Return Receipt (Form 3811) Barcode

9590 9266 9904 2147 7996 54

1. Article Addressed to:
ServiceMaster Restoration by Eliana
By Serving Its Chief Executive Office, President
any Vice President,or any other officer authorized
to accept service of process
2231 Sturgis Rd. No. 100
Oxnard, CA 93030

2. Certified Mail (Form 3800) Article Number

9414 7266 9904 2147 7996 51

PS Form 3811, Facsimile, July 2015

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type:
☒ Certified Mail
☒ Certified Mail Restricted Delivery
        Reference Information
Cause No: 19-CV-1515

Robin Gerhardt

Domestic Return Receipt

Thank you for using Return Receipt Service

Filed: 8/21/2019 9:14 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 36140404
By: Lisa Kelly
8/21/2019 12:44 PM

Case No. _____ 19-CV-1515

| | | |
|---|---|---|
| Debra Milton | * | In the District Court of |
| | * | Galveston County - 56th District Court |
| vs | * | |
| | * | Galveston County, Texas |
| Allstate Insurance Company, | * | |
| ServiceMaster Restoration by Eliana, | * | |
| ServiceMaster Restore, The | * | _____ Judicial District |
| ServiceMaster Company | * | |

### Plaintiff's Original Petition,
### Requests for Disclosure, and for Jury Trial

TO THE HONORABLE COURT:

Debra Milton, Plaintiff, complains of Allstate Insurance Company, Craig Parrish ServiceMaster Restoration by Eliana, ServiceMaster Restore, and The ServiceMaster Company, Defendants, and for cause of action shows:

### Statement of Relief Sought/Discovery

1.      Plaintiff affirmatively pleads that discovery should be conducted in accordance with a discovery control plan under Civil Procedure Rule 190.3.

2.      Plaintiff seeks only monetary relief in an amount over $500,000 but not more than $1,000,000.

### Parties

3.      Plaintiff, Debra Milton, is an individual residing in Galveston County, Texas.

4.      Defendant Allstate Insurance Company ("Allstate") is a duly licensed insurance company authorized to engage in the insurance business in Texas. Citation may be served on Allstate by serving its registered agent for process, C T Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

1

Status Conference set for 11/14/19 Emailed to Attorney by MM

5. Defendant ServiceMaster Restoration by Eliana may be served with process by serving its chief executive office, president, any vice president, or any other company officer authorized to accept service of process, at 2231 Sturgis Rd #100, Oxnard, CA 93030.

6. Defendant ServiceMaster Restore may be served with process by serving its chief executive office, president, any vice president, or any other company officer authorized to accept service of process, at One ServiceMaster Center, 150 Peabody Place, Memphis, TN 38103.

7. Defendant The ServiceMaster Company, LLC, may be served with process by serving its chief executive office, president, any vice president, or any other company officer authorized to accept service of process, at One ServiceMaster Center, 150 Peabody Place, Memphis, TN 38103.

8. Unless specifically singled out, Defendants ServiceMaster Restoration by Eliana, ServiceMaster Restore and The ServiceMaster Company are collectively referred to as "ServiceMaster".

### Jurisdiction/Venue

9. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $500,000 but not more than $1,000,000. Plaintiff reserves the right to amend her petition during and/or after the discovery process.

10. The Court has jurisdiction over Defendant Allstate because this defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

11. The Court has jurisdiction over Defendant Parrish engages in the business of adjusting insurance claims in the State of Texas, including claims associatd with Hurricane Harvey

2

in 2017; and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

12.     The Court has jurisdiction over Defendants ServiceMaster Restoration by Eliana, ServiceMaster Restore, and The ServiceMaster Company because these Defendants engage in the business of residential cleaning and disaster restoration in the State of Texas, particularly in connection Hurricane Harvey in 2017; and Plaintiff's causes of action arise out of this defendants' business activities in the State of Texas.

13.     Venue is proper in Galveston County, Texas, because the insured property is situated in Galveston County, Texas.  Tex. Civ. Prac. & Rem. Code §15.032.

### Preservation of Evidence

14.     Plaintiff hereby requests and demands Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the resulting damages including statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical records, incident reports, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voice mail, text messages, any evidence involving the incident in question, and any electronic image or information related to the referenced incident or damages. Failure to maintain such items will constitute "spoilation" of the evidence.

### Factual Background

15.     Plaintiff is the owner of a certain tract of land, and all improvements thereon, located in Galveston County, Texas ("the Property") commonly known as 3513 Cedar Dr., Dickinson, Texas 77539, and legally described as:

3

> Lot Eleven (11) of **BERGERON ADDITION**, a subdivision in Galveston
> County, Texas, according to the map or plat thereof, recorded in Volume
> 254-A, Page 66 of the Map Records of Galveston, County, Texas, and being
> transferred to Volume 3, Page 27 of the Map Records of Galveston County,
> Texas.

The Property was Plaintiff's home, and improved with a custom log home.

16.     Plaintiff is the owner of a Texas Insurance Policy No. ***8734 ("the Policy"), which was issued by Allstate, and insuring Plaintiff's Property, the dwelling and its contents, against loss caused by flood, among other things.

17.     On or about August 26, 2017, Plaintiff's home was severely damaged due to flooding after Hurricane Harvey ("the Incident"). The flood waters caused extensive water and structural damage throughout the interior of the log home. Plaintiff also suffered food loss and significant damage to her personal belongings and contents of the home. In addition, due to the resulting condition of her home, Plaintiff incurred additional living expenses. Immediately after the Incident, filed a claim with Allstate for the damages caused by the Incident.

18.     Plaintiff asked that Allstate cover the damages and losses pursuant to the Policy.

19.     Allstate assigned its adjuster, Craig Parrish, to adjust the claim. Allstate's adjuster was improperly trained and failed perform a thorough investigation of Plaintiff's claim.

20.     Specifically, Allstate's adjuster Parrish conducted a substandard inspection of the Property during which he spent an inadequate amount of time inspecting the Property and failed to thoroughly scope all of the damages to the Property. Allstate failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of this claim because it and its adjuster did not

4

adjust the claim properly as a total loss of the structure and contents, as should have been done, and then paid insurance proceeds accordingly.  Instead, it and its adjuster insisted that the home was repairable, and engaged Defendants ServiceMaster Restore and The ServiceMaster Company to address the water damage, and mold and related consequences of the water damage.

21.     Defendants ServiceMaster Restore and The ServiceMaster Company apparently called in ServiceMaster Restoration by Eliana, which on information and belief is a franchisee of Defendants ServiceMaster Restore and The ServiceMaster Company, and directed and/or assigned Defendant ServiceMaster Restoration by Eliana to Plaintiff, and represented that it could and would timely, adequately and professionally perform the necessary services to address the water damage, and mold and related consequences of the water damage.  In fact, its services were not timely or professional, and were wholly inadequate and ineffective. After the Incident, the structural damage exponentially increased from the mold which overcame the home. Defendant ServiceMaster Restoration by Eliana failed to respond to Plaintiff about the defective and ineffective work it performed, and wholly failed to correct, or even attempt to correct, the situation.

22.     In desperation, Plaintiff moved up the ServiceMaster chain, and reached out to Defendants ServiceMaster Restore and The ServiceMaster Company, which recognizing the obvious liability, appeared to try to step in and address the problem, but likewise failed.  Continuing to recognize its liability to Plaintiff, Defendants ServiceMaster Restore and The ServiceMaster Company apparently made a claim under their applicable insurance, as Plaintiff was contacted by an adjuster assigned by Defendants ServiceMaster Restore and The ServiceMaster Company's insurance. On information and belief, Defendants ServiceMaster Restore and The ServiceMaster Company, and/or their insurance, had an expert inspect and report in November, '17, on the

unresolved mold and related consequences of the water damage. Defendants ServiceMaster Restore and The ServiceMaster Company, and their insurance failed to resolve anything, including Plaintiff's damages and losses after the Incident.

23. In December '17, Plaintiff hired an expert to inspect and report on the unresolved mold and related consequences of the water damage. By then, the home was consumed by mold, mildew, fungus, etc., as the report states and shows in pictures taken and made a part of the report.

### Causes of Action

### CAUSES OF ACTION

24. Plaintiff incorporates by reference, the allegations set forth above as if fully set forth herein.

25. Plaintiff alleges that violations of the common laws of the State of Texas were committed "knowingly" and with "gross negligence," "intent," and/or "malice" and as a result thereof, it is entitled to receive additional statutory and/or exemplary damages.

26. Plaintiff further alleges that in all of the conduct complained of herein, all employees, servants, agents and representatives of each Defendant had the actual, implied, or apparent authority to act on behalf of each Defendant.

27. Plaintiff further alleges that all conditions precedent to recovery herein have been performed or have occurred and that each cause of action alleged herein is plead additionally and alternatively.

**A.** **Breach of Contract**

28. Without waiving the foregoing, but strictly relying upon the same, Plaintiff alleges that the actions and conduct of Defendants constitute a breach of contract. Plaintiff purchased

6

insurance from Allstate. The insurance contract provides insurance coverage for her home against loss from among other things, flood. Plaintiff timely reported the loss to Allstate and requested adjustment of her claim. Despite full compliance with the Policy conditions, Allstate has failed and refused and continues to final and refuse, to pay for Plaintiff's claim proximately causing actual, incidental and consequential damages to Plaintiff as set forth hereinbelow.

29.     Allstate hired ServiceMaster (referring now and collectively to all ServiceMaster defendants) to perform drying services at the Plaintiff's home. As such, Plaintiff is either a third party beneficiary of the contract between Allstate and ServiceMaster or parties to a contract with ServiceMaster. The contract for drying and remediation services required ServiceMaster to use customary industry standards in the performance of their services, by failing to fully dry the residence and by failing to clean the residence. ServiceMaster's breach has proximately causing actual, incidental and consequential damages to Plaintiff as set forth hereinbelow.

**B.     Violation of Texas Insurance Code**

30.     Without waiving the foregoing, but strictly relying upon the same, Plaintiff alleges that the actions and conduct of Allstate violate §541 and §542 *et al seq.* of the TEX. INS. CODE.

31.     Allstate has violated §541.051 of the TEX. INS. CODE, in a manner that has been and is a producing cause of damages to Plaintiff by making statements misrepresenting with respect to the Policy issued the terms of the Policy and the benefits or advantages promised by the Policy. Specifically, Allstate has violated §541.060of the TEX. INS. CODE, in a manner that has been and is a producing cause of damages to Plaintiff, by:

(a)     Misrepresenting to a claimant a material fact or policy provision relating to the coverage at issue. §541.060(a)(1) Tex. Ins. Code;

(b)     Not attempting in good faith to bring about a prompt, fair, and equitable settlement

7

of a claim once an insurer's liability has become reasonably clear §541.060(a)(2(A) Tex. Ins. Code;

(c)     Not promptly giving a policyholder a reasonable explanation, based on the policy as it relates to the facts or applicable law, for insurer's denial of a claim or for the offer of a compromise settlement of a claim.  §541.060(a)(3) Tex. Ins. Code;

(d)     Failing within a reasonable time to affirm or deny coverage of a claim to a policy holder §541.060(a)(4)(A) Tex. Ins. Code; and

(e)     Refusing to pay a claim without conducting a reasonable investigation of the loss. §541.060(a)(7) Tex. Ins. Code.

32.     With regard to failing to bring about a settlement of the claim, Plaintiff provided Allstate reasonable and necessary documentation to secure a proof of loss.  For example, Plaintiff timely answered specific questions about the loss and the pre-loss condition of the home; gave recorded statements about the loss; submitted additional living expenses receipts; arranged, paid for and submitted expert reports about the remediation and reconstruction costs for the home; arranged, paid for and submitted an itemized inventory of personal property losses, including their replacement cost values and actual cash values; and submitted a sworn proof of loss.  Despite this wealth of information, Allstate has failed and refused and continues to fail and refuse to state any basis for the delay or denial of coverage for the Plaintiff's claim.

33.     Finally, Allstate failed to pay the Plaintiff's claim without conducting a reasonable investigation of the loss.  Allstate failed to hire qualified contractors to inspect the loss, failed to consider the Plaintiff's expert reports regarding the loss and failed to identify, quantify, measure, document and adjust the loss.

34.     Allstate have violated §541.061of the TEX. INS. CODE, in a manner that has been and is a producing cause of damages to Plaintiff by misrepresenting an insurance policy by making an untrue statement of material fact; failing to state a material fact necessary to make other

statements made not misleading, considering the circumstances under which the statements were made; making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of material fact; making a material misstatement of law; and/or failing to disclose in accordance with another provision of the Texas Insurance Code. Specifically, that the home was not a total loss and that ServiceMaster could and would perform the remediation process with reasonable care and efficiency. Each of the foregoing representations, singularly and in combination are material, false and known to be false when made. Allstate made the representations with intent that Plaintiff act upon them. Plaintiff did in fact rely upon the misrepresentations when allowing ServiceMaster to perform, attempt tp perform and fail to perform services in her residence.

35.     Allstate has violated §542.051 *et. Seq.* of the TEX. INS. CODE, in a manner that has been and is producing cause of damages to Plaintiff, by failing to comply with §542.055-542.060 TEX. INS. CODE and commence an investigation of Plaintiff' claim and request from Plaintiff's claim and request from Plaintiff all items, statements and forms that they reasonably believed would be required within the applicable time constraints; provide Plaintiff with written notice of acceptance or rejection of the claim no later than the 15th business day after the date they received all items, statements, and forms, required to secure a proof of loss; failing to provide Plaintiff with written notice of no later than the 15th business day of the need for additional time to accept or reject the claim; and failing to provide Plaintiff with written notice of acceptance or rejection of the claim no later than the 45th day after notifying Plaintiff under §542.056(d) TEX. INS. CODE.

36.     Allstate's acts and omissions violate §541 and §542 *et. seq.* of the TEX. INS. CODE and were a producing cause of actual, incidental and consequential damages to Plaintiff as set forth hereinbelow.

9

**C.     Breach of Common Law Duty of Good Faith and Fair Dealing**

37.     Without waiving the foregoing, but strictly relying upon the same, Plaintiff alleges

that the actions and conduct of Allstate breach of the common law duty of good faith and fair

dealing.  Allstate sold Plaintiff a residential property insurance policy (the "Policy"), which covered

risks to Plaintiff's residence and various other items of coverage.  The insurance policy gave rise to

a duty of good faith and fair dealing, Allstate breached this duty by denying or delaying a payment

of a covered claim when Allstate knew or should have known that its liability under the policy was

reasonably clear.  In this regard, Plaintiff provided Allstate and its adjuster with all reasonable and

necessary documentation to secure to secure a proof of loss.  For example, Plaintiff timely answered

specific questions about the loss and the pre-loss condition of the home; gave recorded statements

about the loss; submitted additional living expenses receipts; arranged, paid for and submitted expert

reports about the remediation and reconstruction costs for the home; arranged, paid for and submitted

an itemized inventory of personal property losses, including their replacement cost values and actual

cash values; and submitted a sworn proof of loss.  Despite this wealth of information, Allstate has

failed and refused a sworn proof of loss.  Despite this wealth of information, Allstate has failed and

refused and continues to fail and refuse to adjust the claim properly and declare the home a total loss.

Allstate's breach of the duty of good faith and fair dealing has proximately caused actual, incidental

and consequential damages to Plaintiff as set forth hereinbelow.

**D.     Breach of Warranty**

38.     Without waiving the foregoing, but strictly relying upon the same, Plaintiff alleges

that the actions and conduct of Allstate and ServiceMaster constitutes a breach of the implied

warranty of good and workmanlike performance of services.  Allstate contacted, retained and

controlled the activities of ServiceMaster in connection with the drying of Plaintiff residence. As such, Allstate and ServiceMaster sold services to Plaintiff. Allstate and ServiceMaster's services included the drying and remediation of Plaintiff' home after Hurricane Harvey caused water damage in the home. Allstate and ServiceMaster did not perform the services in a good and workmanlike manner, which was a breach of the implied warranty of good and workmanlike repair. Allstate and ServiceMaster failed to utilize customary industry standards in the performance of their services, and failed to fully dry and remediate the residence. Singularly and in combination, Allstate and ServiceMaster's acts and omissions proximately caused actual, incidental and consequential damages to Plaintiff.

**E.     Violation of the Deceptive Trade Practices Act**

39.     Without waiving the foregoing, but strictly relying upon the same, Plaintiff allege that the actions and conduct of Defendants as described hereinabove violate the Texas Deceptive Trade Practices Act.

40.     Each of the acts described hereinabove, together and singularly, constitute a violation of the Texas Deceptive Trade Practice Act pursuant to its tie-in provision for the Insurance Code violations. Accordingly, Plaintiff also bring each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie provision.

41.     At all material times hereto, Plaintiff was a consumer who purchased insurance and remediation products and services from Allstate and ServiceMaster. Allstate and ServiceMaster have violated the Texas Deceptive Trade Practices Act in the following manner:

(a)     Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities they do not have, or that a person has a sponsorship, approval, status, affiliation, or connection he does not have;

11

(b)     Failing to disclose information about goods or services that was known at the time of the transaction if the failure to disclose was intended to induce the consumer to enter into a transaction that the consumer would not have entered into if the information had been disclosed;

(c)     Failing to disclose information about goods or services that was known at the time of the transaction if the failure to disclose was intended to induce the consumer to enter into a transaction that the consumer would not have entered into if the information had been disclosed;

(d)     Breaching the implied warranty of good and workmanlike performance of services;

(e)     Engaging in an unconscionable course of action; and

(f)     Using or employing and act or practice in violation of Chapter 541 of the Texas Insurance Code.

42.     Allstate's and ServiceMaster's acts and omissions as described herein violate the Texas Deceptive Trade Practices Act and are a producing cause of actual, incidental and consequential damages to Plaintiff as set forth hereinbelow.

## DAMAGES

43.     As a result of the actions and conduct complained of herein, Plaintiff is entitled to recovery of all actual, incidental, special and consequential damages sustained in an amount that exceeds the minimum jurisdictional limits of this Court. These damages include, but are not limited to: policy benefits wrongly withheld; professional and technical fees; mental anguish; diminution in value of their residence.

44.     Plaintiff is further entitled to the recovery of additional and/or exemplary damages due to the knowingly, grossly negligent, intentional and/or malicious actions and conduct of Allstate, Parrish and ServiceMaster.

45.     Plaintiff is further entitled to the recovery of her reasonable and necessary attorneys fees incurred in connection with this suit, pursuant to law.

46.     Plaintiff is further entitled to the recovery of pre-judgment and post-judgment interest herein at the maximum amount allowed by the common and statutory laws of the State of Texas.

47.     Plaintiff is further entitled to the recovery of costs of court.

### REQUESTS FOR DISCLOSURE

48.     Pursuant to Rule 194 of the TEX.R. CIV. P., Defendants are requested to disclose within 51 days of service of this request, the information or material described in Rule 194.2(a)-(1) of TEX. R. CIV. P.

### DEMAND FOR JURY TRIAL

49.     Pursuant to Rule 216 TEX. R. CIV. P., Plaintiff demands a jury trial on all issues triable by a jury and pays the appropriate jury fee.

### PRAYER

50.     WHEREFORE, PREMISES CONSIDERED, Plaintiff, Debra Milton, prays that the Defendants, Allstate Insurance Company, ServiceMaster Restoration by Eliana, ServiceMaster Restore, The ServiceMaster Company, be cited to appear and answer herein, and that upon full and final trial herein, Plaintiff recover from Defendants, all actual damages sustained as the result of the actions of Defendants along with additional exemplary damages, and damages attributed to attorney's fees, costs of court, pre-judgment and post-judgment interest, and such other and further relief, whether general or special, at law and in equity to which Plaintiffs may show themselves justly entitled by this pleading or proper amendment hereto.

Respectfully submitted,

*Dennis J. Albright*

DENNIS J. ALBRIGHT
TBA 00973700
KATHRYN A. LUMPKIN
TBA 24032712
**Albright & Lumpkin, P.C.**
18333 Egret Bay Blvd., Suite 680
Houston, Texas 77058
Tel: 832.668.5033
Fax: 832.659.0314
Email: dennis@dennisalbright.com
        kathryn@dennisalbright.com

*Attorneys for Plaintiff*